FAXED    ORIGINAL

1   Robert J. Nelson (State Bar No. 132797)
    Barry R. Himmelstein (State Bar No. 157736)
2   Chimène I. Keitner (State Bar No. 226948)
    Rebecca J. Poate (State Bar No. 214321)
3   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
4   275 Battery Street, 30th Floor
    San Francisco, CA 94111-3339
5   Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
6
    Richard Dorman
7   CUNNINGHAM, BOUNDS, YANCE,
    CROWDER & BROWN, LLC
8   1601 Dauphin Street
    Mobile, AL 36604
9   Telephone:  (251) 471-6191
    Facsimile:  (251) 479-1031
10
    Attorneys for *Qui Tam* Plaintiffs
11

FILED
CLERK, U.S. DISTRICT COURT
JUN  1 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

340

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                     WESTERN DIVISION

15

16

17   UNITED STATES OF AMERICA           Case No.  CV04-8763 PA JTLx
     *ex rel.* MAURO VOSILLA and
     STEVEN ROSSOW,                      **FIRST AMENDED COMPLAINT
18                                       FOR VIOLATIONS OF FEDERAL
              Plaintiff,                 FALSE CLAIMS ACT**
19                                       [31 U.S.C. § 3729 et seq.]
     v.                                  **AND STATE FALSE CLAIMS ACTS**
20                                       **[Cal. Gov't Code §§ 12650-56
     AVAYA, INC., AVAYA                  (California);  6 Del. C. § 1201
21   FINANCIAL SERVICES, LUCENT          (Delaware);  D.C. St. § 2-308.14
     TECHNOLOGIES, INC., and AT&T        (District of Columbia); F.S.A. § 68.081
22   CORP.,                              (Florida); 740 I.L.C.S. §175/3
                                         (Illinois);  M.G.L.A. § 5B
23            Defendants.                (Massachusetts);  N.R.S. § 357.040.
                                         (Nevada);  T.C.A. § 4-18-103
24                                       (Tennessee); Va. Code Ann. § 8.01-
                                         216.3 (Virginia)**
25
                                         **FILED IN CAMERA
26                                       AND UNDER SEAL**

DOCKETED ON CM

27                                       **JURY TRIAL DEMANDED**
                                         JUN - 3 2005
28
                                         BY

8

1    Plaintiffs and Relators Mauro Vosilla and Steven Rossow, for their
2    Complaint against Defendants Avaya, Inc. ("Avaya"), Avaya Financial Services
3    ("AFS"), Lucent Technologies, Inc. ("Lucent"), and AT&T Corp. ("AT&T"),
4    allege as follows:

5    ## I.   INTRODUCTION

6    1.    This is an action to recover damages and civil penalties on
7    behalf of the United States of America arising from false statements and claims
8    made and presented by Avaya, AFS, Lucent, and AT&T (collectively
9    "Defendants") and/or their agents, employees and co-conspirators in violation of
10   the Federal Civil False Claims Act, 31 U.S.C. §§ 3729 et seq., as amended (the
11   "Act").  The violations of the Act involve claims for lease, rental, and post-
12   warranty maintenance charges that Defendants made for telephone communications
13   systems and services since at least 1994 which Defendants knew were false because
14   the customer, i.e. the United States Government ("Government"), no longer had the
15   telephone systems and/or because Defendants no longer provided the maintenance
16   services.  In violation of their duty to report known errors resulting in unwarranted
17   federal payments, Defendants likewise concealed such errors from the Government
18   in order to keep funds to which they were not entitled.

19   2.    The Act provides that any person who knowingly submits or
20   causes to be submitted a false or fraudulent claim to the Government for payment
21   or approval is liable for a civil penalty of up to $10,000.00 for each such claim
22   submitted or paid, plus three times the amount of the damages sustained by the
23   Government.  The Act allows any person having information regarding a false or
24   fraudulent claim against the Government to bring an action for himself (the
25   "relator") and for the Government, and for them to share in any recovery.  The
26   Complaint is filed under seal for 60 days (without service on the defendants during
27   that period) to enable the Government: (a) to conduct its own investigation without
28   the defendants' knowledge, and (b) to determine whether to join the action.

434357.1                                    - 2 -

FIRST AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
SEQ.] AND STATE FALSE CLAIMS ACTS

3.    Based on those provisions of the Act, Plaintiffs/Relators seek to recover damages and civil penalties arising from Defendants' presentation of false and fraudulent records, claims, and statements to the Government and its agents in connection with the Government's payment of lease, rental, and post-warranty maintenance charges for telephone communications systems and services.

4.    This is also an action to recover damages and civil penalties on behalf of the States of California, Delaware, Florida, Illinois, Nevada, Tennessee, the Commonwealths of Massachusetts and Virginia, and the District of Columbia, as well as various counties, cities, and other legally authorized local governmental entities within those states arising from false statements and claims made and presented by Avaya, AFS, Lucent and AT&T, and/or their agents, employees, and co-conspirators, in violation of the corresponding state False Claims Acts. The violations of the state False Claims Acts involve claims for lease, rental, and post-warranty maintenance charges similar to those alleged above, but which were made to the states and various other state and local governmental entities. Defendants knew these statements were false, because the state customers no longer had the telephone systems and/or because Defendants no longer provided the maintenance services. Based on the state False Claims Acts, Plaintiffs/Relators also seek to recover damages and civil penalties arising from Defendants' presentation of false and fraudulent records, claims and statements to the states and their agents, in connection with their payments of lease, rental, and post-warranty maintenance charges for telephone communication systems and services.

## II.   PARTIES

5.    Plaintiff and Relator Mauro Vosilla is a resident of Edison, New Jersey and is a former employee of Avaya, Lucent, and AT&T. Mr. Vosilla brings this action for violations of 31 U.S.C. §§ 3729 *et seq.* on behalf of himself and the United States Government pursuant to 31 U.S.C. § 3730(b)(1). Mr. Vosilla has personal knowledge of the false records, statements and/or claims that Defendants

434357.1

- 3 -

FIRST AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
SEQ.] AND STATE FALSE CLAIMS ACTS

1    presented to their customers, including the Government.

2         6.      Plaintiff and Relator Steven Rossow is a resident of Manhattan

3    Beach, California and is a former employee of Avaya.  Mr. Rossow brings this

4    action for violations of 31 U.S.C. §§ 3729 *et seq.* on behalf of himself and the

5    United States Government pursuant to 31 U.S.C. § 3730(b)(1).  Mr. Rossow has

6    personal knowledge of false records, statements and/or claims that Defendants

7    presented to their customers, including the Government.

8         7.      Defendant Avaya is a Delaware corporation headquartered in

9    Basking Ridge, New Jersey.  Avaya was spun off from Lucent on September 30,

10   2000 to focus on enterprise voice communications and networking systems.  Avaya

11   markets telephone systems and other communications technology and services to

12   the Government both through its Small and Medium Business Solutions Group as

13   well as its Government Solutions Group.  Avaya's Government Solutions Group is

14   based in Washington, D.C.  The Government is Avaya's largest customer.

15        8.      Defendant AFS is based in Livingston, New Jersey and provides

16   financing in the form of leases for Avaya products to customers including U.S.

17   Government agencies.  AFS is wholly owned by the CIT Group, Inc. ("CIT"), a

18   Delaware corporation based in Livingston, New Jersey, and is part of CIT Financial

19   USA, Inc., also a Delaware corporation.  CIT and Avaya maintain a preferred sales

20   financing relationship through AFS.

21        9.      Defendant Lucent is a Delaware corporation headquartered in

22   Murray Hill, New Jersey.  Lucent became independent from AT&T on September

23   30, 1996 and took over AT&T's provision of systems and equipment, including

24   Bell Labs.  In 1998, Lucent Technologies Partner Finance ("LTPF") was created to

25   provide leasing services to Lucent's business customers pursuant to an agreement

26   between Lucent and Newcourt Credit Group, which was acquired by CIT in

27   November 1999.  References to defendant Lucent herein include LTPF, as Plaintiffs

28   are informed and believe that LTPF was a part of Lucent.

1        10.    Defendant AT&T is a New York corporation headquartered in

2    Bedminster, New Jersey.  On January 1, 1984, AT&T was forced to divest itself of

3    its local telephone operations pursuant to a settlement with the U.S. Department of

4    Justice but retained its long distance telephone, manufacturing, and research and

5    development operations.  On September 20, 1995, AT&T announced that it was

6    restructuring into three separate publicly traded companies: a systems and

7    equipment company (which became Lucent Technologies), a computer company

8    (NCR), and a communications services company (which remained AT&T).

9    **III.   JURISDICTION AND VENUE**

10       11.    This Court has jurisdiction over the subject matter of this action

11   pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, which specifically confers

12   jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and

13   3730.  This Court has jurisdiction over the state law causes of action pursuant to 31

14   U.S.C. § 3732(b), which specifically confers jurisdiction on this Court for actions

15   brought under the laws of any State for the recovery of funds paid by a State or

16   local government if the action arises from the same transaction or occurrence as an

17   action brought under 31 U.S.C. § 3730.

18       12.    This Court has personal jurisdiction over the Defendants

19   pursuant to 31 U.S.C. § 3732(a), which provides that "[a]ny action under section

20   3730 may be brought in any judicial district in which the defendant, or in the case

21   of multiple defendants, any one defendant can be found, resides, transacts business

22   or in which any act proscribed by section 3729 occurred."  Section 3732(a) also

23   authorizes nationwide service of process.  Defendants Avaya, Lucent, and AT&T

24   during the relevant period resided in, and/or transacted business in the Central

25   District of California, Western Division (Los Angeles County).

26       13.    Venue is proper in this district pursuant to 31 U.S.C. § 3732(a)

27   because Defendant Avaya can be found in, resides in, and/or transacts business in

28   the Central District of California, Western Division, and because some of the

434357.1                   - 5 -              FIRST AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
SEQ.] AND STATE FALSE CLAIMS ACTS

1   violations of 31 U.S.C. § 3729 described herein occurred within this judicial

2   district. Specifically, Plaintiffs are informed and believe and thereupon allege that

3   Avaya maintained a corporate office in Pasadena, in Los Angeles County.

4   Plaintiffs also are informed and believe and thereupon allege that Avaya maintains

5   its Western Division Headquarters in Irvine, California. Avaya also employed and

6   continues to employ people throughout the Central District. Plaintiffs are also

7   informed and believe and thereupon allege that Avaya conducts business in Los

8   Angeles County and throughout the Central District. Arising out of Avaya's

9   presence, Defendants' fraudulent business activities have occurred at least in part in

10  the Western Division of the Central District. Plaintiffs are informed and believe

11  and thereupon allege that governmental offices within Los Angeles County and

12  throughout the Central District have been billed for equipment and maintenance

13  that they either did not have or did not receive and continue to be falsely billed.

14  Plaintiffs also allege that a number of people with knowledge of the fraudulent

15  billing practices of the Defendants, including Plaintiff Rossow and at least eight

16  former or current employees of the Defendants, are located in the Central District.

17  **IV.   DEFENDANTS' FRAUDULENT BUSINESS PRACTICES**

18       **A.   Defendants Have Continued Fraudulently to Bill the Federal**
19            **Government and State and Local Governmental Entities for**
              **Lease/Rental and Post-Warranty Maintenance Charges on**
20            **Obsolete and "Exited" Equipment.**

21            14.     Defendants Avaya, Lucent, and AT&T develop, sell, and

provide maintenance services for telephone equipment. The telephone equipment
22
at issue in this litigation was developed by AT&T prior to and shortly after
23
"divestiture" in 1984, when AT&T was forced to withdraw from the business of
24
providing local telephone service.
25
              15.     This "classic" or "vintage" equipment has become largely
26
obsolete. "Classic" and "vintage" models include: Electronic Key Telephone
27
System ("EKTS"), 1A Key systems (including the 1A1 Key and 1A2 Key), Com
28
Key (including the 416, 718, and higher number models), Horizon, Spirit, Merlin

1  Classic, Merlin Plus, and Merlin II (hereinafter referred to collectively as "Vintage
2  Equipment"). Such Vintage Equipment has largely been replaced by other systems,
3  including the Lucent Partner Advanced Communication System ("ACS"). The
4  Lucent ACS, which many customers have leased or purchased to replace their
5  Vintage Equipment, was developed by AT&T/Lucent in the mid-1990's. It
6  provides a range of features not available in EKTS and 1A Key systems, such as
7  caller ID, the ability to use wireless handsets, and a built-in answering machine.

8      16.     The EKTS Model 2600 is a fixed feature system consisting of a
9  control unit, up to six station sets, and one or two telephone lines. Plaintiffs allege
10  based on personal knowledge that Defendants continue to bill customers for
11  lease/rental and post-warranty maintenance charges on EKTS equipment even after
12  these customers have replaced their EKTS equipment with newer, different models.
13  Those customers include United States government customers, as well as the States
14  of California, Delaware, Florida, Illinois, Massachusetts, Nevada, Tennessee,
15  Virginia, and District of Columbia, and various counties, cities, and other legally
16  authorized local governmental entities within those states.

17      17.     The 1A Key is a basic multi-line telephone system. This was
18  the standard telephone equipment for multi-line users in the 1960's and 1970's,
19  with the Pentagon as a major Government consumer of 1A Key systems. A 1A
20  Key system can accommodate as many telephone lines as needed. Each additional
21  line has a corresponding Key Telephone Unit ("KTU") associated with it. The
22  KTU's for a particular customer location are generally stored on racks in a storage
23  closet. Many 1A Key customers have replaced these cumbersome systems with
24  newer Lucent Partner systems or other Avaya/Lucent product lines.

25      18.     Plaintiffs allege based on personal knowledge that Defendants
26  continue to bill customers for lease/rental and post-warranty maintenance charges
27  on 1A Key equipment even after these customers have replaced their 1A Key
28  equipment with newer, different models. Those customers include United States

434357.1                                    - 7 -                    FIRST AMENDED COMPLAINT FOR VIOLATION OF
                                                                     FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
                                                                     SEQ.] AND STATE FALSE CLAIMS ACTS

1   government customers, as well as the States of California, Delaware, Florida,

2   Illinois, Massachusetts, Nevada, Tennessee, Virginia, and District of Columbia, and

3   various counties, cities, and other legally authorized local governmental entities

4   within those states.

5           19.      The Com Key system came in several different sizes.  The Com

6   Key 416 is for small businesses needing up to four common lines, sixteen stations,

7   and two common intercom paths.  Many Com Key 416 customers have chosen to

8   upgrade to Lucent Partner systems, and in particular to Lucent's Partner ACS.

9   Larger Com Key models are modular push-button telephone systems with

10  additional multi-line features.  Defendants have exited larger Com Key models such

11  as the Com Key 718, 734, 1434, and 2152 systems, meaning that Defendants no

12  longer produce, sell, or provide maintenance and support services for these larger

13  models.

14          20.      Plaintiffs allege based on personal knowledge that Defendants

15  continue to bill customers for lease/rental and post-warranty maintenance charges

16  on Com Key equipment even after these customers have replaced their Com Key

17  equipment with newer, different models, and even though Defendants no longer

18  provide maintenance services for larger Com Key models.  Those customers

19  include United States government customers, as well as the States of California,

20  Delaware, Florida, Illinois, Massachusetts, Nevada, Tennessee, Virginia, and

21  District of Columbia, and various counties, cities, and other legally authorized local

22  governmental entities within those states.

23          21.      The Horizon product line is a family of station-oriented systems

24  that combines key system features with private branch exchange ("PBX") features.

25  This equipment has up to five-party conference capability including up to two

26  outside lines.  These features are all provided by the newer Lucent Partner

27  communications systems, making the Horizon equipment obsolete.

28          22.      Plaintiffs are informed and believe and thereupon allege that

1   Defendants continue to bill customers for lease/rental and post-warranty

2   maintenance charges on Horizon equipment even after these customers have

3   replaced their Horizon equipment with newer, different models.  Those customers

4   include United States government customers, as well as the States of California,

5   Delaware, Florida, Illinois, Massachusetts, Nevada, Tennessee, Virginia, and

6   District of Columbia, and various counties, cities, and other legally authorized local

7   governmental entities within those states.

8          23.      The Spirit Model 308/616 consists of a controller (three lines

9   and eight telephones), an expansion unit that permits the addition of another three

10  lines and eight telephones, and various accessories.  The Spirit Model 2448 is a

11  microprocessor-based analog key telephone system with built-in features for small

12  to intermediate businesses, and consists of a common controller (four lines and

13  eight telephones), capability to increase capacity to twelve lines and twenty-four

14  telephones, an expansion unit that can increase total capacity to twenty-four lines

15  and forty-eight telephones, and various accessories.  Newer communications

16  systems are making the Spirit Models obsolete.

17         24.      Plaintiffs are informed and believe and thereupon allege that

18  Defendants continue to bill customers for lease/rental and post-warranty

19  maintenance charges on Spirit equipment even after these customers have replaced

20  their Spirit equipment with newer, different models.  Those customers include

21  United States government customers, as well as the States of California, Delaware,

22  Florida, Illinois, Massachusetts, Nevada, Tennessee, Virginia, and District of

23  Columbia, and various counties, cities, and other legally authorized local

24  governmental entities within those states.

25         25.      The Merlin systems all feature control units that support

26  different numbers of telephone lines and voice terminals.  Some models include

27  intercom paths and conference capability.  The Merlin II system is an electronic key

28  telephone system designed to accommodate both voice and data transmissions.

1    Newer communications systems are making the Merlin systems obsolete.

2        26.    Plaintiffs are informed and believe and thereupon allege that

3    Defendants continue to bill customers for lease/rental and post-warranty

4    maintenance charges on Merlin equipment even after these customers have replaced

5    their Merlin equipment with newer, different models.  Those customers include

6    United States government customers, as well as the States of California, Delaware,

7    Florida, Illinois, Massachusetts, Nevada, Tennessee, Virginia, and District of

8    Columbia, and various counties, cities, and other legally authorized local

9    governmental entities within those states.

10        27.    Plaintiffs further allege based on personal knowledge that

11   AT&T, then Lucent, and now Avaya are aware of the practice of fraudulent billing

12   for obsolete equipment and post-warranty maintenance and nevertheless continue to

13   issue bills for obsolete equipment and maintenance and to conceal such fraudulent

14   billing from customers.

15        28.    AT&T transferred its Vintage Equipment customer base to

16   Lucent when Lucent became independent in September 1996, and Lucent, in turn,

17   transferred this customer base to Avaya when Avaya became independent in

18   September 2000.  This customer base includes thousands of U.S. Government

19   customers, such as U.S. Post Offices and federal agencies, as well as thousands of

20   state and local customers.

21        29.    Lucent created Lucent Technologies Partner Finance ("LTPF")

22   in 1998 to provide leasing services to Lucent's business customers.  Billing for the

23   Vintage Equipment customer base was transferred to LTPF.  When Avaya was spun

24   off from Lucent, this financing function was assumed by AFS.

25        30.    AFS (which is owned by CIT) and Avaya aggressively market

26   lease arrangements for Avaya communications equipment to Government

27   customers.

28        31.    When Defendants made the transition from the Customer Billing

1    System ("CBS") to a billing system using the German software SAP, they also

2    changed these invoices from line-item billing (i.e., a separate line item for each

3    piece of equipment with maintenance charges) to a consolidated line item.  These

4    new bills are deliberately more difficult for customers to understand and have the

5    effect of preventing customers from challenging line-item charges for equipment

6    they no longer have.

**B.    Defendants Have Continued Fraudulently to Bill the Federal Government and State and Local Governmental Entities for Lease/Rental Charges on Vintage Equipment These Customers No Longer Have.**

32.    Defendants have continued to bill federal government customers and state and local government customers for lease/rental charges on Vintage Equipment that these customers no longer have on their premises because they have upgraded to newer Lucent and/or non-Lucent equipment.

33.    Defendants know that these lease/rental charges are fraudulent and that these customers no longer have the Vintage Equipment because, in many cases, Defendants themselves marketed and installed the new equipment and removed the old equipment from the customers' premises.

**C.    Defendants Have Continued Fraudulently to Bill the Federal Government and State and Local Governmental Entities for Post-Warranty Maintenance Charges on Vintage Equipment These Customers No Longer Have or Defendants No Longer Support.**

34.    Defendants have continued to bill federal government customers and state and local government customers for post-warranty maintenance charges on Vintage Equipment that these customers no longer have on their premises because they have upgraded to newer Lucent and/or non-Lucent equipment, and/or because Lucent, and now Avaya, does not offer the maintenance services for which customers are paying.

35.    Defendants know that these post-warranty maintenance charges are fraudulent and that these customers no longer have the Vintage Equipment because, in many cases, Defendants themselves marketed and installed the new

FIRST AMENDED COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET SEQ.] AND STATE FALSE CLAIMS ACTS

1    equipment and removed the old equipment from the customers' premises.

2    Defendants know that other post-warranty maintenance charges are fraudulent

3    because Defendants no longer provide technical support, replacement parts, or

4    maintenance for certain Vintage Equipment models, such as larger Com Key

5    models (718 and above).

6         **D.    Defendants Have Actively Concealed the Fraudulent Billing of the
         Federal Government and State and Local Governmental Entities
7         and the Collection of Millions of Dollars in Unwarranted
         Payments.**

8         36.    The federal government and state and local governmental

9    entities rely on Defendants to issue non-fraudulent bills.  Defendants deliberately

10   design their invoices so that fraudulent charges are difficult, if not impossible, to

11   detect.  Defendants' ongoing and deliberate concealment of its fraudulent business

12   practices has effectively prevented the federal government and state and local

13   government entities from discovering this systematic fraud until now.

14        37.    Defendants' violations of the False Claims Act and state False

15   Claims Acts listed herein, and their concealment thereof, date from at least 1994.

16   Plaintiffs are informed and believe and thereupon allege that such violations are

17   ongoing.

18                            **COUNT ONE**
19        **Substantive Violations of the Federal False Claims Act**
                     [31 U.S.C. §§ 3729(a)(1) & (a)(2)]
20

21        38.    Plaintiffs repeat and incorporate by reference the allegations

22   made in Paragraphs 1 through 36 of this Complaint.

23        39.    This is a claim for treble damages and forfeitures under the

24   False Claims Act, 31 U.S.C. §§ 3729-32, as amended.

25        40.    Through the acts described above, Defendants and their agents

26   and employees knowingly presented and caused to be presented to officers and

27   employees of the U.S. Government false or fraudulent claims in order to obtain

28   payment for unwarranted lease/rental charges and post-warranty maintenance

434357.1                            - 12 -        FIRST AMENDED COMPLAINT FOR VIOLATION OF
                                                  FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
                                                  SEQ.] AND STATE FALSE CLAIMS ACTS

1   charges on telephone equipment.

2       41.    Through the acts described above, Defendants and their agents

3   and employees knowingly made, used, or caused to be made or used, false records

4   or statements to get such false or fraudulent claims paid by the U.S. Government.

5       42.    The United States and its fiscal intermediaries, unaware of the

6   falsity of the records, statements, and claims made or submitted by Defendants and

7   their agents and employees, paid and continue to pay Defendants for claims that

8   would not be paid if the truth were known.

9       43.    Plaintiff United States and its fiscal intermediaries, unaware of

10   the falsity of the records, statements, and claims made or submitted by Defendants,

11   have paid claims for unwarranted lease/rental charges and post-warranty

12   maintenance charges for telephone equipment that they would have not have paid

13   otherwise.

14       44.    As a direct result of the Defendants' false records, statements,

15   claims, and omissions, the United States has been damaged in the amount of many

16   millions of dollars in lease/rental and post-warranty maintenance charges for

17   telephone equipment.

18       45.    The tolling provisions of 31 U.S.C. § 3731 make this Complaint

19   timely with respect to all violations occurring within a ten-year period from the date

20   of filing of this Complaint.

21   **COUNT TWO**

22   **<u>Substantive Violations of the California False Claims Act</u>**
[Cal. Gov't Code §§ 12651(a)(1) and (2)]

23

24       46.    Plaintiffs repeat and incorporate by reference the allegations

25   made in Paragraphs 1 through 46 of this Complaint.

26       47.    This is a claim for treble damages and forfeitures under the

27   California False Claims Act, Cal. Gov't Code §§ 12650-12655.

28       48.    Through the acts described above, Defendants and their agents

1  and employees knowingly presented and caused to be presented to officers and

2  employees of the State of California and various political subdivisions thereof false

3  or fraudulent claims in order to obtain payment for unwarranted lease/rental charges

4  and post-warranty maintenance charges on telephone equipment.

5        49.      Through the acts described above, Defendants and their agents

6  and employees knowingly made, used, or caused to be made or used, false records

7  or statements to get such false or fraudulent claims paid by the State of California

8  and various political subdivisions of the State.

9        50.      The State of California, its political subdivisions, and their fiscal

10  intermediaries, unaware of the falsity of the records, statements, and claims made or

11  submitted by Defendants and their agents and employees, paid and continue to pay

12  Defendants for claims that would not be paid if the truth were known.

13        51.      The State of California, its political subdivisions, and their fiscal

14  intermediaries, unaware of the falsity of the records, statements, and claims made or

15  submitted by Defendants, have paid claims for unwarranted lease/rental charges and

16  post-warranty maintenance charges for telephone equipment that they would have

17  not have paid otherwise.

18        52.      As a direct result of the Defendants' false records, statements,

19  claims, and omissions, the State of California and various political subdivisions

20  thereof have been damaged in the amount of many millions of dollars in lease/rental

21  and post-warranty maintenance charges for telephone equipment.

22        53.      The limitations provisions of Cal. Gov't Code § 12654(a) make

23  this Complaint timely with respect to all violations occurring within a ten-year

24  period from the date of filing of this Complaint.

25                                **COUNT THREE**

26        **Substantive Violations of the Delaware False Claims and Reporting Act**
                       [6 Del. Code § 1201, 1203]

27

28        54.      Plaintiffs repeat and incorporate by reference the allegations

1 made in Paragraphs 1 through 53 of this Complaint.

2    55.    This is a claim for treble damages and civil penalties under the

3 Delaware False Claims and Reporting Act, 6 Del. Code § 1201.

4    56.    Plaintiffs are informed and believe and thereupon allege that,

5 through the acts described above, Defendants and their agents and employees

6 knowingly presented and caused to be presented to officers and employees of the

7 State of Delaware and various political subdivisions and organizations defined in 6

8 Del. Code § 1202(3) false or fraudulent claims in order to obtain payment for

9 unwarranted lease/rental charges and post-warranty maintenance charges on

10 telephone equipment.

11    57.    Plaintiffs are informed and believe and thereupon allege that,

12 through the acts described above, Defendants and their agents and employees

13 knowingly made, used, or caused to be made or used, false records or statements to

14 get such false or fraudulent claims paid by the State of Delaware and various

15 political subdivisions and organizations defined in 6 Del. Code § 1202(3).

16    58.    Plaintiffs are informed and believe and thereupon allege that the

17 State of Delaware, its political subdivisions and other organizations, and their fiscal

18 intermediaries, unaware of the falsity of the records, statements, and claims made or

19 submitted by Defendants and their agents and employees, paid and continue to pay

20 Defendants for claims that would not be paid if the truth were known.

21    59.    Plaintiffs are informed and believe and thereupon allege that the

22 State of Delaware, its political subdivisions and other organizations, and their fiscal

23 intermediaries, unaware of the falsity of the records, statements, and claims made or

24 submitted by Defendants, have paid claims for unwarranted lease/rental charges and

25 post-warranty maintenance charges for telephone equipment that they would have

26 not have paid otherwise.

27    60.    Plaintiffs are informed and believe and thereupon allege that, as

28 a direct result of the Defendants' false records, statements, claims, and omissions,

1   the State of Delaware and various political subdivisions and organizations thereof

2   have been damaged in the amount of many millions of dollars in lease/rental and

3   post-warranty maintenance charges for telephone equipment.

4         61.      The limitations provisions of 6 Del. C. § 1209 make this

5   Complaint timely with respect to all violations occurring within a ten-year period

6   from the date of filing of this Complaint.

7   **COUNT FOUR**

8   **Substantive Violations of the District of Columbia Procurement Related**
**Claims Act**

9   [D.C. St. § 2-308.14]

10

11         62.      Plaintiffs repeat and incorporate by reference the allegations

12   made in Paragraphs 1 through 61 of this Complaint.

13         63.      This is a claim for treble damages and civil penalties under the

14   District of Columbia Procurement Related Claims Act, D.C. St. § 2-308.14.

15         64.      Plaintiffs are informed and believe and thereupon allege that,

16   through the acts described above, Defendants and their agents and employees

17   knowingly presented and caused to be presented to officers and employees of the

18   District of Columbia false or fraudulent claims in order to obtain payment for

19   unwarranted lease/rental charges and post-warranty maintenance charges on

20   telephone equipment.

21         65.      Plaintiffs are informed and believe and thereupon allege that,

22   through the acts described above, Defendants and their agents and employees

23   knowingly made, used, or caused to be made or used, false records or statements to

24   get such false or fraudulent claims paid by the District of Columbia and various

25   political subdivisions of the State.

26         66.      Plaintiffs are informed and believe and thereupon allege that the

27   District of Columbia and its fiscal intermediaries, unaware of the falsity of the

28   records, statements, and claims made or submitted by Defendants and their agents

FIRST AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
SEQ.] AND STATE FALSE CLAIMS ACTS

1    and employees, paid and continue to pay Defendants for claims that would not be

2    paid if the truth were known.

3         67.     Plaintiffs are informed and believe and thereupon allege that the

4    District of Columbia and its fiscal intermediaries, unaware of the falsity of the

5    records, statements, and claims made or submitted by Defendants, have paid claims

6    for unwarranted lease/rental charges and post-warranty maintenance charges for

7    telephone equipment that they would have not have paid otherwise.

8         68.     Plaintiffs are informed and believe and thereupon allege that, as

9    a direct result of the Defendants' false records, statements, claims, and omissions,

10    the District of Columbia has been damaged in the amount of many millions of

11    dollars in lease/rental and post-warranty maintenance charges for telephone

12    equipment.

13         69.     The limitations provisions of D.C. St. § 2-308.17(a) make this

14    Complaint timely with respect to all violations occurring within a nine-year period

15    from the date of filing of this Complaint.

16                  **COUNT FIVE**

17       **Substantive Violations of the Florida False Claims Act**

                  [F.S.A. § 68.082(2)]

18

19         70.     Plaintiffs repeat and incorporate by reference the allegations

20    made in Paragraphs 1 through 69 of this Complaint.

21         71.     This is a claim for treble damages and civil penalties under the

22    Florida False Claims Act, F.S.A. § 68.082(2).

23         72.     Plaintiffs are informed and believe and thereupon allege that,

24    through the acts described above, Defendants and their agents and employees

25    knowingly presented and caused to be presented to officers and employees of the

26    State of Florida and various agencies thereof false or fraudulent claims in order to

27    obtain payment for unwarranted lease/rental charges and post-warranty

28    maintenance charges on telephone equipment.

73.     Plaintiffs are informed and believe and thereupon allege that, through the acts described above, Defendants and their agents and employees knowingly made, used, or caused to be made or used, false records or statements to get such false or fraudulent claims paid by the State of Florida and various agencies of the State.

74.     Plaintiffs are informed and believe and thereupon allege that the State of Florida, its agencies, and its fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or submitted by Defendants and their agents and employees, paid and continue to pay Defendants for claims that would not be paid if the truth were known.

75.     Plaintiffs are informed and believe and thereupon allege that the State of Florida, its agencies, and its fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or submitted by Defendants, have paid claims for unwarranted lease/rental charges and post-warranty maintenance charges for telephone equipment that they would have not have paid otherwise.

76.     Plaintiffs are informed and believe and thereupon allege that, as a direct result of the Defendants' false records, statements, claims, and omissions, the State of Florida and its agencies have been damaged in the amount of many millions of dollars in lease/rental and post-warranty maintenance charges for telephone equipment.

77.     The limitations provisions of F.S.A. § 68.089 make this Complaint timely with respect to all violations occurring within a seven-year period from the date of filing of this Complaint.

## COUNT SIX
### Substantive Violations of the Illinois Whistleblower Reward and Protections Act
[740 I.L.C.S. § 175/3 and 175/4]

78.     Plaintiffs repeat and incorporate by reference the allegations

1   made in Paragraphs 1 through 85 of this Complaint.

2       79.     This is a claim for treble damages and civil penalties under the
3   Illinois Whistleblower Reward and Protections Act, 740 I.L.C.S. § 175/3.

4       80.     Plaintiffs are informed and believe and thereupon allege that,
5   through the acts described above, Defendants and their agents and employees
6   knowingly presented and caused to be presented to officers and employees of the
7   State of Illinois and various political entities or agencies of the State false or
8   fraudulent claims in order to obtain payment for unwarranted lease/rental charges
9   and post-warranty maintenance charges on telephone equipment.

10      81.     Plaintiffs are informed and believe and thereupon allege that,
11  through the acts described above, Defendants and their agents and employees
12  knowingly made, used, or caused to be made or used, false records or statements to
13  get such false or fraudulent claims paid by the State of Illinois and various political
14  subdivisions and agencies of the State.

15      82.     Plaintiffs are informed and believe and thereupon allege that the
16  State of Illinois, its political subdivisions and/or agencies, and its fiscal
17  intermediaries, unaware of the falsity of the records, statements, and claims made or
18  submitted by Defendants and their agents and employees, paid and continue to pay
19  Defendants for claims that would not be paid if the truth were known.

20      83.     Plaintiffs are informed and believe and thereupon allege that the
21  State of Illinois, its political subdivisions and/or agencies, and its fiscal
22  intermediaries, unaware of the falsity of the records, statements, and claims made or
23  submitted by Defendants, have paid claims for unwarranted lease/rental charges and
24  post-warranty maintenance charges for telephone equipment that they would have
25  not have paid otherwise.

26      84.     Plaintiffs are informed and believe and thereupon allege that, as
27  a direct result of the Defendants' false records, statements, claims, and omissions,
28  the State of Illinois, its political subdivisions and its agencies have been damaged in

1   the amount of many millions of dollars in lease/rental and post-warranty

2   maintenance charges for telephone equipment.

3       85.    The limitations provisions of 740 I.L.C.S. § 175/5 make this

4   Complaint timely with respect to all violations occurring within a ten-year period

5   from the date of filing of this Complaint.

6   **COUNT SEVEN**

7   **Substantive Violations of the Massachusetts False Claims Act**

    [M.G.L.A. 12 § 5B]

8

9       86.    Plaintiffs repeat and incorporate by reference the allegations

10   made in Paragraphs 1 through 93 of this Complaint.

11       87.    This is a claim for treble damages and civil penalties under the

12   Massachusetts False Claims Act, M.G.L.A. 12 § 5B.

13       88.    Plaintiffs are informed and believe and thereupon allege that,

14   through the acts described above, Defendants and their agents and employees

15   knowingly presented and caused to be presented to officers and employees of the

16   Commonwealth of Massachusetts or any political subdivision thereof false or

17   fraudulent claims in order to obtain payment for unwarranted lease/rental charges

18   and post-warranty maintenance charges on telephone equipment.

19       89.    Plaintiffs are informed and believe and thereupon allege that,

20   through the acts described above, Defendants and their agents and employees

21   knowingly made, used, or caused to be made or used, false records or statements to

22   get such false or fraudulent claims paid by the Commonwealth of Massachusetts or

23   any political subdivision thereof.

24       90.    Plaintiffs are informed and believe and thereupon allege that the

25   Commonwealth of Massachusetts, its political subdivisions, and their fiscal

26   intermediaries, unaware of the falsity of the records, statements, and claims made or

27   submitted by Defendants and their agents and employees, paid and continue to pay

28   Defendants for claims that would not be paid if the truth were known.

91.     Plaintiffs are informed and believe and thereupon allege that the Commonwealth of Massachusetts, its political subdivisions, and their fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or submitted by Defendants, have paid claims for unwarranted lease/rental charges and post-warranty maintenance charges for telephone equipment that they would have not have paid otherwise.

92.     Plaintiffs are informed and believe and thereupon allege that, as a direct result of the Defendants' false records, statements, claims, and omissions, the Commonwealth of Massachusetts and its political subdivisions have been damaged in the amount of many millions of dollars in lease/rental and post-warranty maintenance charges for telephone equipment.

93.     The limitations provisions of M.G.L.A. 12 § 5K make this Complaint timely with respect to all violations occurring within a ten-year period from the date of filing of this Complaint.

### COUNT EIGHT
### Substantive Violations of the Nevada False Claims Act
[N.R.S. § 357.040]

94.     Plaintiffs repeat and incorporate by reference the allegations made in Paragraphs 1 through 101 of this Complaint.

95.     This is a claim for treble damages and civil penalties under the Nevada False Claims Act, N.R.S. § 357.040.

96.     Plaintiffs are informed and believe and thereupon allege that, through the acts described above, Defendants and their agents and employees knowingly presented and caused to be presented to officers and employees of the State of Nevada or any political subdivision thereof false or fraudulent claims in order to obtain payment for unwarranted lease/rental charges and post-warranty maintenance charges on telephone equipment.

97.     Plaintiffs are informed and believe and thereupon allege that,

434357.1

1  through the acts described above, Defendants and their agents and employees

2  knowingly made, used, or caused to be made or used, false records or statements to

3  get such false or fraudulent claims paid by the State of Nevada or any political

4  subdivision thereof.

5      98.      Plaintiffs are informed and believe and thereupon allege that the

6  State of Nevada, its political subdivisions, and their fiscal intermediaries, unaware

7  of the falsity of the records, statements, and claims made or submitted by

8  Defendants and their agents and employees, paid and continue to pay Defendants

9  for claims that would not be paid if the truth were known.

10      99.      Plaintiffs are informed and believe and thereupon allege that the

11  State of Nevada, its political subdivisions, and their fiscal intermediaries, unaware

12  of the falsity of the records, statements, and claims made or submitted by

13  Defendants, have paid claims for unwarranted lease/rental charges and post-

14  warranty maintenance charges for telephone equipment that they would have not

15  have paid otherwise.

16      100.      Plaintiffs are informed and believe and thereupon allege that, as

17  a direct result of the Defendants' false records, statements, claims, and omissions,

18  the State of Nevada and its political subdivisions have been damaged in the amount

19  of many millions of dollars in lease/rental and post-warranty maintenance charges

20  for telephone equipment.

21      101.      The limitations provisions of N.R.S. § 357.170 make this

22  Complaint timely with respect to all violations occurring within a five-year period

23  from the date of filing of this Complaint.

24                    **COUNT NINE**

25  **Substantive Violations of the Tennessee False Claims Act**
[T.C.A. § 4-18-103]

26      102.      Plaintiffs repeat and incorporate by reference the allegations

27  made in Paragraphs 1 through 109 of this Complaint.

28      103.      This is a claim for treble damages and civil penalties under the

434357.1                                - 22 -                FIRST AMENDED COMPLAINT FOR VIOLATION OF
                                                              FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
                                                              SEQ.] AND STATE FALSE CLAIMS ACTS

1  Tennessee False Claims Act, T.C.A. § 4-18-103.

2      104.      Plaintiffs are informed and believe and thereupon allege that,

3  through the acts described above, Defendants and their agents and employees

4  knowingly presented and caused to be presented to officers and employees of the

5  State of Tennessee or any political subdivision thereof false or fraudulent claims in

6  order to obtain payment for unwarranted lease/rental charges and post-warranty

7  maintenance charges on telephone equipment.

8      105.      Plaintiffs are informed and believe and thereupon allege that,

9  through the acts described above, Defendants and their agents and employees

10  knowingly made, used, or caused to be made or used, false records or statements to

11  get such false or fraudulent claims paid by the State of Tennessee or any political

12  subdivision thereof.

13      106.      Plaintiffs are informed and believe and thereupon allege that the

14  State of Tennessee, its political subdivisions, and their fiscal intermediaries,

15  unaware of the falsity of the records, statements, and claims made or submitted by

16  Defendants and their agents and employees, paid and continue to pay Defendants

17  for claims that would not be paid if the truth were known.

18      107.      Plaintiffs are informed and believe and thereupon allege that the

19  State of Tennessee, its political subdivisions, and their fiscal intermediaries,

20  unaware of the falsity of the records, statements, and claims made or submitted by

21  Defendants, have paid claims for unwarranted lease/rental charges and post-

22  warranty maintenance charges for telephone equipment that they would have not

23  have paid otherwise.

24      108.      Plaintiffs are informed and believe and thereupon allege that, as

25  a direct result of the Defendants' false records, statements, claims, and omissions,

26  the State of Tennessee and its political subdivisions have been damaged in the

27  amount of many millions of dollars in lease/rental and post-warranty maintenance

28  charges for telephone equipment.

109.    The limitations provisions of T.C.A. § 4-18-106 make this Complaint timely with respect to all violations occurring within a ten-year period from the date of filing of this Complaint.

## COUNT TEN
### Substantive Violations of the Virginia Fraud Against Taxpayers Act
[Va. Code Ann. § 8.01-216.3]

110.    Plaintiffs repeat and incorporate by reference the allegations made in Paragraphs 1 through 117 of this Complaint.

111.    This is a claim for treble damages and civil penalties under the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.3.

112.    Plaintiffs are informed and believe and thereupon allege that, through the acts described above, Defendants and their agents and employees knowingly presented and caused to be presented to officers and employees of the Commonwealth of Virginia or any political subdivision thereof false or fraudulent claims in order to obtain payment for unwarranted lease/rental charges and post-warranty maintenance charges on telephone equipment.

113.    Plaintiffs are informed and believe and thereupon allege that, through the acts described above, Defendants and their agents and employees knowingly made, used, or caused to be made or used, false records or statements to get such false or fraudulent claims paid by the Commonwealth of Virginia or any political subdivision thereof.

114.    Plaintiffs are informed and believe and thereupon allege that the Commonwealth of Virginia, its political subdivisions, and their fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or submitted by Defendants and their agents and employees, paid and continue to pay Defendants for claims that would not be paid if the truth were known.

115.    Plaintiffs are informed and believe and thereupon allege that the Commonwealth of Virginia, its political subdivisions, and their fiscal intermediaries, unaware of the falsity of the records, statements, and claims made or

434357.1                                    - 24 -                FIRST AMENDED COMPLAINT FOR VIOLATION OF
                                                                 FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
                                                                 SEQ.] AND STATE FALSE CLAIMS ACTS

1 | submitted by Defendants, have paid claims for unwarranted lease/rental charges and
2 | post-warranty maintenance charges for telephone equipment that they would have
3 | not have paid otherwise.

4 |     116.    Plaintiffs are informed and believe and thereupon allege that, as
5 | a direct result of the Defendants' false records, statements, claims, and omissions,
6 | the Commonwealth of Virginia and its political subdivisions have been damaged in
7 | the amount of many millions of dollars in lease/rental and post-warranty
8 | maintenance charges for telephone equipment.

9 |     117.    The limitations provisions of Va. Code Ann. § 8.01-216.9 make
10 | this Complaint timely with respect to all violations occurring within a ten-year
11 | period from the date of filing of this Complaint.

12 | **PRAYER**

13 |     WHEREFORE, Plaintiffs/Relators pray for judgment against
14 | Defendants as follows:

15 |     1.    That Defendants cease and desist from violating 31 U.S.C. §§
16 | 3279-32, as amended; Cal. Gov't Code §§ 12650-56; 6 Del. C. § 1201; D.C. St. §
17 | 2-308.14; F.S.A. § 68.081; 740 I.L.C.S. § 175/3; M.G.L.A. § 5B; N.R.S. §
18 | 357.040; T.C.A. § 4-18-103; and Va. Code Ann. § 8.01-216.3.

19 |     2.    That the Court enter judgment against Defendants in an amount
20 | equal to the total of: a) three times the amount of damages the United States has
21 | sustained as a result of Defendants' actions, as well as a civil penalty against each
22 | Defendant of $10,000.00 for each violation of 31 U.S.C. § 3729; and b) three times
23 | the amount of damages the State of California and its political subdivisions have
24 | sustained as a result of Defendants' actions, as well as a civil penalty against each
25 | Defendant of $10,000.00 for each violation of Cal. Gov't Code § 12651; and c)
26 | three times the amount of damages the State of Delaware and its political
27 | subdivisions and organizations have sustained as a result of Defendants' actions, as
28 | well as a civil penalty against each Defendant of $11,000 for each violation of 6

1    Del. C. § 1201;  and d)  three times the amount of damages the District of Columbia

2    has sustained as a result of Defendants' actions, as well as a civil penalty against

3    each Defendant of $10,000 for each violation of D.C. St. § 2-308.14;  and e) three

4    times the amount of damages the State of Florida and its agencies have sustained as

5    a result of Defendants' actions, as well as a civil penalty against each Defendant of

6    $10,000 for each violation of F.S.A. § 68.082(2);  and f) three times the amount of

7    the damages the State of Illinois and its various political entities and agencies have

8    sustained as a result of Defendants' actions, as well as a civil penalty against each

9    Defendant of $10,000 for each violation of 740 I.L.C.S. § 175/3;  and g) three times

10   the amount of the damages the Commonwealth of Massachusetts and its political

11   subdivisions have sustained as a result of Defendants' actions, as well as a civil

12   penalty against each Defendant of $10,000 for each violation of M.G.L.A. 12 § 5B;

13   and h) three times the amount of damages the State of Nevada and its political

14   subdivisions have sustained as a result of Defendants' actions, as well as a civil

15   penalty against each Defendant of $10,000 for each violation of N.R.S. § 357.040;

16   and i) three times the amount of damages the State of Tennessee and its political

17   subdivisions have sustained as a result of Defendants' actions, as well as a civil

18   penalty against each Defendant of $10,000 for each violation of T.C.A. § 4-18-101;

19   and j) three times the amount of damages the Commonwealth of Virginia and its

20   political subdivisions have sustained as a result of Defendants' actions, as well as a

21   civil penalty against each Defendant of $10,000 for each violation of Va. Code

22   Ann. § 8.01-216.3.

23          3.     That Plaintiffs/Relators be awarded the maximum amount

24   allowed pursuant to § 3730(d) of the False Claims Act;  Cal. Gov't Code §§ 12650-

25   56;  6 Del. C. § 1201;  D.C. St. § 2-308.14;  F.S.A. § 68.081;  740 I.L.C.S. § 175/3;

26   M.G.L.A. § 5B;  N.R.S. § 357.040;  T.C.A. § 4-18-103; and Va. Code Ann. § 8.01-

27   216.3.

28

FIRST AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
SEQ.] AND STATE FALSE CLAIMS ACTS

Chicago, IL 60601

Office of the Attorney General
Commonwealth of Massachusetts
McCormack Building
One Ashburton Place
Boston, MA 02108

Office of the Attorney General
Nevada Department of Justice
100 North Carson Street
Carson City, NV 89701-4717

Office of the Attorney General
Commonwealth of Virginia
900 East Main Street
Richmond, VA 23219

I certify that a true and correct copy of the foregoing Complaint, along with a true and correct copy of Mauro Vosilla's and Steven Rossow's Disclosure Statement, was served by Express Mail the 1st day of June, 2005, upon each of the following:

Office of the Attorney General, State of California
1300 I. Street
P.O. Box 944255
Sacramento, CA 94244-2550

Office of the Attorney General
State of Tennessee
P.O. Box 20207
Nashville, TN 37202-0207

By: _____
Rebecca J. Poate
Lieff, Cabraser, Heimann & Bernstein, LLP
Attorneys for *Qui Tam* Plaintiffs

434357.1

- 2 -

FIRST AMENDED COMPLAINT FOR VIOLATION OF
FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 ET
SEQ.] AND STATE FALSE CLAIMS ACTS